**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL MCNAB,

        Plaintiff-Appellant,

  v.

GAVIN NEWSOM,

        Defendant-Appellee.

No. 23-55419

D.C. No. 8:22-cv-00843-DSF-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 24, 2024[**]

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

Daniel McNab appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that California Governor Gavin Newsom

violated his constitutional right to equal protection through state government

orders issued in response to the COVID-19 pandemic. We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015), and we affirm.

The district court properly dismissed McNab's action because McNab failed to allege facts sufficient to state a plausible claim that tattoo artists and business owners, like McNab, were similarly situated to the medical practitioners and pharmacy professionals classified as essential businesses under the challenged COVID-19 orders. *See United States v. Quintero*, 995 F.3d 1044, 1056 (9th Cir. 2021) (setting forth elements of a class-based equal protection claim).

The district court did not abuse its discretion by dismissing McNab's first amended complaint without leave to amend because amendment would have been futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (setting forth standard of review and explaining that amendment is futile if no set of facts can be proven by amendment that would constitute a valid and sufficient claim or defense).

**AFFIRMED.**